Mr. Justice Scott delivered the opinion of the Court. The first question presented was settled in the case of Clarke V. The Bank of Mississippi, where it was held that the printed statute books of the other States of the Union, purporting to have been published by authority, may be read in evidence in our .courts, and the burthen of discrediting such books is upon the party against whom they are offered, (5 Eng, 516, Dig.,p. 490, sec. 2;) and this case was afterwards approved in the case of May v. Jamison, (6 Eng. 377.) We have, however, again looked to the statute in connexion with the argument on this point now urged, and feel clear that the law, as to the point in question» was in these cases correctly ruled. It is next objected that the two depositions ought to have been excluded because they were not supported by any other evidence of the appointment and authority of the commissioner before whom they purported to have been taken than his own certificate and seal. We do not think this objection tenable, because the-statute authorizing the appointment and commission of these functionaries, (Dig. ch. 32, p. 253,) and prescribing their duties and powers, provides, among other things, (in section 2,) that all depositions taken and certified by them “shall be as effectual in law to all intents and purposes as if done and certified by any justice of the peace, or other authorized officer within this State.” And it is expressly provided by the statute of depositions, (Dig., ch. 55, p. 434, sec. 16,) that no authentication of the official character of any judge, justice of the peace, or other judicial officer, shall be necessary when a deposition shall be taken before any such within the State. As this is a case of a foreign bill of exchange, the notarial protest was evidence of itself in chief of the fact of demand, and the notary’s acts touching the same, were legitimately official acts. The protest therefore purporting to have been made by a notary and authenticated by his seal of office was competent evidence; and as such should have been allowed to be read although it differed in some respects from the bill offered in evidence, in order to permit the plaintiff below to connect the bill sued on with the protest by other evidence, and thus identify it it as the same that was protested. (Br. Bk. at Decatur v. Rhodes, 11 Ala. R. 283. Leigh v. Lightfoot, 11 Ala. R. 935. 3 Porter R. 355.) And for this purpose, the testimony of Clements as to the presentation and protest of the bill was competent, accompanied as it was, by proof of the statute of the State of Louisiana, No. 49, authorizing notaries to appoint deputies to assist them in making protest, and the further proof that the witness acted, at the time when the protest was made and touching the same, as the deputy for the notary who made the protest. And for the same purpose an authenticated copy of the notarial register, in reference to the protest, was competent testimony, because, besides the known general usage of notaries to keep a register of their official acts, the inference from the testimony is almost irresistible that in this case one was kept, and it was not legally possible for the plaintiff below to produce the original in the courts of this State. It is objected, however, that the copy produced ought not to have been read, although authenticated by the certificate and official seal of another notary purporting to act in the stead of Mr. Ricardo during his absence, and accompanied by proof of his actual absence, and of a law of Louisiana authorizing the absence of notaries with the consent of the Governor, and in such case authorizing another notary to be designated to act in his place; because it was not also shown in proof, otherwise than by the official certificate and seal of Mr. Beard, (who officiated for Mr. Ricardo in his absence,) and the testimony of the two witnesses that he (Mr. Beard) was a notary public, and as such was in fact named and designated by Mr. Ricardo to represent him during his absence, under the provisions of the statute of Louisiana, No. 91, proven in evidence. Although it might have been incompetent thus to show Mr. Beard’s actual designation and procurement to act in Mr. Ricardo’s stead, yet we are inclined to think the objection not well taken under the circumstances, because under the existing state of the proofs — the law allowing substitution having been proven —so much of this testimony as showed that he in fact officially acted in the stead of Mr. Ricardo, was competent as far as it went, and perhaps the ordinary presumptions of law as to persons who act in official stations, would apply here and fill up the hiatus. But it is unnecessary for us to decide this point, because the paper marked B. is well enough supported by the testimony of the two witnesses without any aid from Mr. Beard’s certificate. Clements swears that it is “a copy of the original record as it stands in the register of Mr. Ricardo.” And Rareshide swears that it “is a correct transcript from Mr. Ricardo’s original records.” It is true that neither of these witnesses swear in express terms that they have examined the original entries, and compared this carefully with it, or to other matter of like particularity in support of what they do swear, and to this extent there is consequently some ambiguity in their testimony, but all such could have been readily cleared up by cross-examination. If the opposite party had desired to know the source of the knowledge of the witnesses, he should have brought it out on cross-examination; and having failed to do so, he cannot now have their depositions rejected for uncertainty, which it was his duty to have prevented if in any way likely to operate to his prejudice. (Old v. Powell, 10 Ala. R. 393.) And there being ample testimony in the record to sustain the verdict and judgment of the court below, we are of the opinion that the motion for a new trial was properly overruled. Judgment affirmed with costs.